```
                  UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

DERWIN K. COLES,

      Movant

v.                               CIVIL ACTION NO. 2:04-1151
                                     (Criminal No. 2:01-00254-03)

UNITED STATES OF AMERICA,

      Respondent

## MEMORANDUM OPINION AND ORDER

Pending is the movant's motion pursuant to 28 U.S.C. § 2255, filed October 25, 2004.

Movant seeks the vacatur, set aside, or correction of his conviction and sentence, imposed following trial. Movant was convicted by a jury on the following counts: (1) Count I--controlled substance conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, (2) Count VI--aiding and abetting the possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and (3) Count VII--aiding and abetting the possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2.

The movant's direct appeal was unsuccessful. <u>United States v. Coles</u>, No. 03-4006, 2003 WL 21760646 (4th Cir. Jul. 31, 2003). Movant did not seek discretionary review by the Supreme Court. On March 7, 2005, however, he moved the court of appeals to recall the mandate in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), decided on January 12 of that same year. On June 7, 2005, the court of appeals denied the motion.

The court received the proposed findings and recommendation of the magistrate judge filed on November 21, 2005, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). In his section 2255 motion, the movant first alleged that his lawyer rendered ineffective assistance of counsel by (1) failing to call certain unnamed witnesses, (2) failing to present certain exculpatory evidence, (3) failing to pursue unnamed <u>Brady</u> material, and (4) failing to assert his rights on appeal under either <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) or <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Movant additionally alleged (1) that the government engaged in prosecutorial misconduct by failing to turn over <u>Brady</u> material and by suborning perjury, (2) that <u>Blakely</u> should be applied by the court to vacate certain findings necessary to his sentence, and (3) that the court should have known about the putative <u>Brady</u>

2

violations and remedied them. The magistrate judge discussed each of these grounds in detail and concluded they lacked any merit.

Since that time, movant has filed a number of documents, including the following: (1) affidavits of negative averment, filed respectively on November 30, 2005, and April 24, 2006, (2) an affidavit of default, filed December 7, 2005, (3) a Rule 54(c) demand for judgment, filed February 13, 2006, and (4) a Rule 41(b) dismissal of action, filed May 4, 2006.

II.

The movant's filings postdating the proposed findings and recommendation amount to (1) nonsensical reliance upon inapplicable common-law principles, (2) unsupported allegations of malfeasance against court personnel, and (3) collateral attacks upon the jury's factual findings. These types of assertions are insufficient to support vacatur of either movant's conviction or sentence. A careful review of the proposed findings and recommendation illustrate the movant's original contentions in his section 2255 motion have been adequately, and correctly, resolved by the magistrate judge. No further elaboration is necessary.

3

Based upon the foregoing, and the proposed findings and recommendation of the magistrate judge, which are hereby adopted and incorporated herein, the court concludes that movant has failed to articulate any grounds supporting vacatur of his conviction or sentence. The court, accordingly, concludes that the section 2255 motion should be denied.

### III.

It is, accordingly, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied. It is further ORDERED that this action be, and it hereby is, dismissed and stricken from the docket.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), movant shall have sixty days after the date of entry of this decree in which to appeal. The failure within that period to file with the Clerk of this court a notice of appeal of this Judgment will render the memorandum opinion and order and this Judgment final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the magistrate judge.

ENTER: July 20, 2006

John T. Copenhaver, Jr.
United States District Judge

5