IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**UNITED STATES OF AMERICA**

v.                               CRIMINAL ACTION NO. 2:01-00254-03

**DERWIN COLES**

MEMORANDUM OPINION AND ORDER

On March 19, 2009, the court entered its Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("order"). The order reduced defendant's sentence of imprisonment from 188 months to 151 months. Defendant additionally requested a sentence below the amended guideline range. The court denied the request pursuant to United States v. Dunphy, 551 F.3d 247 (2009).

On April 6, 2009, the Clerk filed defendant's notice of appeal. The certificate of service reflects that defendant mailed the notice of appeal on March 31, 2009. The envelope used by defendant to transmit the notice of appeal reflects a postmark of April 3, 2009.

On January 14, 2010, the court of appeals remanded this action on the following grounds:

> In criminal cases, the defendant must file the notice
> of appeal within ten days after the entry of judgment.
> With or without a motion, upon a showing of excusable

> neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. . . .
>
> The ten-day appeal period expired on April 2, 2009. The thirty-day excusable neglect period expired on Monday, May 4, 2009.
>
>   A pro se prisoner's notice of appeal is considered filed the moment it is delivered to prison authorities for mailing to the court. Under Fed. R. App. P. 4(c)(1), timely filing may be shown through a sworn declaration or notarized statement setting forth the date the notice of appeal was deposited in the prison mail and stating that first-class postage had been prepaid. Based upon the unsworn and unnotarized certificate of service, Coles' notice of appeal could have been filed as early as March 31, 2009, within the ten-day appeal period. However, he mailed it in an envelope postmarked April 3, 2009, which was outside the ten-day appeal period but within the thirty-day excusable neglect period.
>
>   Because it is unclear whether Coles timely filed his notice of appeal or filed it within the excusable neglect period, we remand the case to the district court for the court to determine whether Coles timely filed his notice of appeal and, if not, whether Coles has shown excusable neglect or good cause warranting an extension of the ten-day appeal period.

United States v. Coles, No. 09-6654, slip op. at 2-3 (4th Cir. Jan. 14, 2010) (citations omitted) ("remand order").

In accordance with the remand order, it is ORDERED as follows:

1. That defendant be, and he hereby is, ORDERED to file no later than February 19, 2010, a sworn declaration or notarized statement setting forth the date his notice of appeal was deposited in the prison mail and if he

2

    affixed to the envelope prepaid first-class postage; and

2. If a mailing after April 2, 2009, is reflected in the filed declaration or statement, that defendant be, and he hereby is, directed to file no later than February 19, 2010, any circumstances he deems to constitute excusable neglect or good cause for failing to timely file the notice of appeal.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

        DATED: January 20, 2010

        _____
        John T. Copenhaver, Jr.
        United States District Judge

3