```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                               **CRIMINAL ACTION NO. 2:01-00254-03**

**DERWIN COLES**

<u>O R D E R</u>

On January 20, 2010, the court entered a memorandum opinion and order providing as follows:

> That defendant be, and he hereby is, ORDERED to file no later than February 19, 2010, a sworn declaration or notarized statement setting forth the date his notice of appeal was deposited in the prison mail and if he affixed to the envelope prepaid first-class postage; and
>
> If a mailing after April 2, 2009, is reflected in the filed declaration or statement, that defendant be, and he hereby is, directed to file no later than February 19, 2010, any circumstances he deems to constitute excusable neglect or good cause for failing to timely file the notice of appeal.

(Memo. Op. and Ord. at 2-3).

The January 20, 2010, memorandum opinion and order was initially mailed to defendant at FCI Elkton and returned as undeliverable on January 29, 2010. That same day, the memorandum opinion and order was mailed anew to defendant at FCI Morgantown. Defendant did not respond.

On March 1, 2010, the court again ordered that defendant respond to the questions posed in the January 20, 2010, memorandum opinion and order, as reproduced above, no later than March 10, 2010. On March 8, 2010, the court received the response, in which defendant asserted that his former place of incarceration, Federal Correctional Institution Elkton, will only release "records of [his] filings" to the court. (Resp. at 1). After informally authorizing the court to retrieve those records in his letter, however, defendant states "I put my letter in <u>legal mail box on the</u> date of <u>3-30-09</u> or <u>3-31-09</u>." (Resp. at 1) (emphasis in original). If defendant is referring to the date that he mailed his notice of appeal, the notice would be deemed timely if mailed on either of the dates he mentions. <u>United States v. Coles</u>, No. 09-6654, slip op. at 2 (4th Cir. Jan. 14, 2010) ("The ten-day appeal period expired on April 2, 2009.").

As noted in the court of appeals' opinion entered January 14, 2010,

> Under Fed. R. App. P. 4(c)(1), timely filing may be shown through <u>a sworn declaration or notarized statement</u> setting forth the date the notice of appeal was deposited in the prison mail and stating that first-class postage had been prepaid.

<u>Id.</u> at 3 (emphasis added). On March 30, 2010, the court entered an order, with an attached Affidavit of Mailing in blank,

2

directing the defendant, if he wished to pursue this matter, to execute the Affidavit of Mailing and return it to the court no later than April 21, 2010.

On April 13, 2010, the court received the executed Affidavit of Mailing. The Affidavit of Mailing reflects that defendant, on "March 30 or 31 2009", placed into the internal mail system of his Federal Correctional Institution, with prepaid, first-class postage affixed, his notice of appeal of the March 19, 2009, order appealed from.

Based upon the foregoing, the court finds that defendant timely filed his notice of appeal. Having now concluded the proceedings on remand, the Clerk is directed to return the record, as supplemented by docket entries 265 through 270 and this memorandum opinion and order, to the Clerk of the United States Court of Appeals for the Fourth Circuit.

The Clerk is directed to forward copies of this order to all counsel of record and any unrepresented parties.

DATED: April 15, 2010

John T. Copenhaver, Jr.
United States District Judge

3